UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 14, 2017

Brandon Bolton
5427 56th Avenue, Apt. 2
Riverdale, MD 20737

Jennifer H. Stinnette
Social Security Administration
6401 Security Boulevard Room 617
Baltimore, MD 21235

>        RE:    *Brandon Bolton v. Commissioner, Social Security Administration*
>               Civil No. SAG-16-3118

Dear Mr. Bolton and Counsel:

On September 11, 2016, Plaintiff Brandon Bolton petitioned this Court to review the Social Security Administration's final decision to deny his claims. [ECF No. 1]. I have considered the Commissioner's Motion for Summary Judgment, in addition to arguments made by Mr. Bolton's former attorney at the administrative hearing.[1] [ECF No. 18]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 4051(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. Bolton filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") in January, 2012, alleging a disability onset date of April 1, 2007. (Tr. 257-69). His claims were denied initially and on reconsideration. (Tr. 74-97, 100-27). After an initial hearing was postponed to allow Mr. Bolton to seek counsel, (Tr. 64-73), a hearing, at which Mr. Bolton was represented by counsel, was held on November 18, 2014, before an Administrative Law Judge ("ALJ"), (Tr. 35-63). Following that hearing, the ALJ determined that Mr. Bolton was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 16-28). The Appeals Council denied Mr. Bolton's request for review, (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

---

[1] On November 8, 2017, the Clerk's Office sent Mr. Bolton a Rule 12/56 letter, advising him of the potential consequences of failing to oppose the Commissioner's dispositive motion. [ECF No. 19]. Mr. Bolton did not file any response before the deadline.

The ALJ found that Mr. Bolton suffered from the severe impairments of "seizure disorder; and status post traumatic brain injury." (Tr. 18). Despite these impairments, the ALJ determined that Mr. Bolton retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c), except due to his seizure disorder, he can never climb ropes, ladders or scaffolds, and he must avoid all exposure to hazards, such as dangerous machinery and heights. Additionally, he must avoid concentrated exposure to fumes, odors, dusts and gases. Finally, the claimant can perform only simple, routine and repetitive tasks that involve no production rate for pace of work.

(Tr. 22). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Bolton, who had no past relevant work, could perform jobs existing in significant numbers in the national economy. (Tr. 26-27). Accordingly, the ALJ determined that Mr. Bolton was not disabled. (Tr. 27).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Mr. Bolton's favor at step one, and determined that he had not engaged in substantial gainful activity since his alleged onset date. (Tr. 18); *see* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Mr. Bolton claimed prevented him from working. (Tr. 18-21); *see* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The ALJ determined Mr. Bolton's headaches, hypertension, and asthma were non-severe. (Tr. 21). Nevertheless, in light of those medically determinable impairments, the ALJ imposed a restriction limiting Mr. Bolton's exposure to fumes, odors, dusts and gases. *Id.* After finding that other impairments were severe, the ALJ continued with the sequential evaluation and considered, in assessing Mr. Bolton's RFC, the extent to which his impairments limited his ability to work.

At step three, the ALJ determined that Mr. Bolton's impairments did not meet, or medically equal, the criteria of any listings. (Tr. 21-22). Specifically, the ALJ noted that Mr. Bolton's seizures do not meet the frequency, severity, or duration requirements of Listings 11.02 or 11.03. *Id.* In addition, because Mr. Bolton alleged mental impairments, the ALJ applied the special technique for evaluation of such claims, using a five-point scale to rate a claimant's degree of limitation in the first three functional areas: none, mild, moderate, marked, or extreme. 20 C.F.R. § 416.920a(c)(4). To satisfy paragraph B, a claimant must exhibit either "marked"

limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. The ALJ determined that Mr. Bolton had no limitation in activities of daily living or social functioning, moderate limitation in concentration, persistence, or pace, and no episodes of decompensation. (Tr. 21). The ALJ cited to evidence from the record, specifically the evaluations of the State agency physicians, to support those conclusions. *Id.* Therefore, the mental health listings were not met. I have carefully reviewed the record, and I agree that no listings are met in this case.

In considering Mr. Bolton's RFC, the ALJ summarized his subjective complaints from his hearing testimony and his written submissions. (Tr. 22-23). The ALJ then engaged in a detailed review of Mr. Bolton's mental and physical medical records. (Tr. 23-26). The ALJ noted that the record reflected few physical or mental limitations and no restrictions in activity. (Tr. 26). The ALJ cited Mr. Bolton's extensive volunteer work teaching basketball at a recreation center, his lack of mental health treatment with a specialist, and his failure to follow up with a neurologist regarding his seizures as evidence that his symptoms were not disabling. *Id.* The ALJ also noted that Mr. Bolton's seizure disorder is described as "stable" or "much better" in several medical appointments, and that he denied experiencing seizures during other appointments. (Tr. 25-26). Ultimately, the ALJ concluded that Mr. Bolton's testimony was not credible, and that significant functional limitations were not reflected in the medical evidence of record. (Tr. 26). Finally, the ALJ adopted the opinions of the non-examining State agency psychiatrists and assigned "significant weight" to the assessment of State agency physician Dr. Hakkarinien, although the ALJ imposed a more significant restriction with respect to exposure to hazards. (Tr. 21, 24, 26).

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Mr. Bolton's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). After considering the entire record, and the evidence outlined above, I find that the ALJ supported his conclusion with substantial evidence.

Next, relying on the VE's testimony, the ALJ determined that a person with Mr. Bolton's RFC could perform jobs existing in significant numbers in the national economy. (Tr. 27). Accordingly, I find that the ALJ's determination must be affirmed.

For the reasons set forth herein, Defendant's Motion for Summary Judgment, [ECF No. 18], is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                                   Sincerely yours,

                                                          /s/
                                            Stephanie A. Gallagher
                                            United States Magistrate Judge